# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 727 PENSION FUND, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | No. 17-cv-5767 |
| vs. | ) ) | Judge Thomas M. Durkin |
| MID-CITY PARKING, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Teamsters Local Union No. 727 Pension Fund ("Pension Fund"), Teamsters Local Union No. 727 Health & Welfare Fund ("Welfare Fund"), Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("L&E Fund"), and Parking Industry Labor Management Committee ("PILMC") (collectively, "Plaintiffs") seek payment of, interest, and liquidated damages on delinquent contributions under a collective bargaining agreement defendant Mid-City Parking, Inc. entered into with International Brotherhood of Teamsters Local Union No. 727 (the "Union"). The Court granted Plaintiffs' unopposed motion to bifurcate the summary judgment proceedings to allow the Court to first decide whether Mid-City is bound by the collective bargaining agreement. R. 27. Pending before the Court now is Plaintiffs' motion for partial summary judgment. R. 28. Mid-City did not respond to Plaintiffs' motion or its corresponding Local Rule 56.1 statement. For the following reasons, Plaintiffs' motion is granted.

## LEGAL STANDARD

The Federal Rules of Civil Procedure "explicitly allow for 'partial summary judgment.'" *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). "At the summary-judgment stage, the court can properly narrow the individual *factual* issues for trial by identifying the material disputes of fact that continue to exist." *Id.* (emphasis in original).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). To defeat summary judgment, a nonmovant must produce more than "a mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

The only issue before the Court is whether Mid-City is bound by the collective bargaining agreement. The undisputed facts show that it is.[1]

---

[1] Because Mid-City did not respond to Plaintiffs' Rule 56.1 Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment, the facts in that statement are deemed admitted. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement fails to dispute the facts set

The Union and Mid-City entered into the collective bargaining agreement on December 11, 2006. R. 29 ¶ 15. Article 20 of the agreement required Mid-City to make contributions to the Pension Fund, Welfare Fund, and the L&E Fund monthly for both full time and part time employees. *Id.* ¶ 16. Article 37 required Mid-City to make monthly contributions to PILMC for all employees covered by the agreement. *Id.* ¶ 17. The agreement also allowed the Funds to conduct an audit to ensure that Mid-City was properly submitting the contributions as required by the agreement. *Id.* ¶ 30-31.

The agreement contained an evergreen provision that stated:

This agreement shall go into effect on November 1, 2006 and shall continue in full force and effect until and including October 31, 2011, and shall continue thereafter on an annual basis from year to year unless written notice of desire to amend the Agreement is given by either party sixty (60) days prior to October 31, 2011, or sixty (60) days prior to October 31 of any subsequent year.

*Id.* ¶ 18. Neither Mid-City nor the Union provided written notice of a desire to amend or terminate the agreement. *Id.* ¶ 37. But by September 2107, Mid-City had stopped contributing to the Funds because "of the accumulation of time for which [the parties] had not had a signed agreement or had agreed to an agreement." R. 29-3, William Sommerfeld Dep. at 41:4-13. Plaintiffs argue that because of the evergreen provision, the agreement still binds Mid-City to contribute to the Funds.

---

forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion."); N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

Contract interpretation is governed by state law. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995). Illinois requires the Court to give effect to the parties' intentions when interpreting a contract. *Gallagher v. Lenart,* 874 N.E.2d 43, 58 (Ill. 2007). "A court must initially look to the language of a contract alone, as the language, given its plain and ordinary meaning, is the best indication of the parties' intent." *Id.* If the terms of the contract are unambiguous, the court must enforce the contract as written. *Lewitton v. ITA Software, Inc.,* 585 F.3d 377, 380 (7th Cir. 2009). Here, the plain language of the agreement indicates that the parties intended it to continue until either side expressly terminated the agreement by written notice. Without a written agreement to terminate, the collective bargaining agreement is still in effect.

Further, Mid-City's actions from October 2011 to August 2017 indicate that Mid-City continued to agree to and be bound by the terms of the agreement. *See Moriarty v. Larry G. Lewis Funeral Dirs. Ltd.,* 150 F.3d 773, 777 (7th Cir. 1998) ("[G]eneral principles of contract law permit an employer to adopt a collective bargaining agreement by a course of conduct plus a writing such as the certification line on the contribution report; a signature at the bottom of the collective bargaining agreement itself is unnecessary."); *In re Vic Supply Co., Inc.,* 227 F.3d 928, 932 (7th Cir. 2000) ("Acceptance can be effectuated by performance as well as by signature."). In this case, Mid-City contributed to the funds through August 2017. R. 29 ¶ 27. These submissions included a yearly increase in contribution rates to the Pension, Welfare, and L&E Funds, which took effect every year on March 1. *Id.* ¶ 20. Additionally, Mid-

4

City did not object when in 2017, the Funds performed an audit of Mid-City's payroll to determine if Mid-City had been properly contributing to the Funds. *Id.* ¶ 30. In fact, Mid-City cooperated with the audit by providing all records the auditors sought. *Id.* ¶ 32. Mid-City's actions indicate it was a party bound by the collective bargaining agreement. *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Const. Corp.,* 258 F.3d 645, 649 (7th Cir. 2001) ("Nothing in the law of contracts requires that a contract, whether original or modified, must be signed to be enforceable. The contract needn't be in writing; if it is in writing, it needn't be signed, provided there's other evidence of acceptance, for example (a very pertinent example) by performance.")

Through the collective bargaining agreement's plain language and Mid-City's actions until August 2017, the Court finds Mid-City is bound by the agreement.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for partial summary judgment, R. 28.

ENTERED:

*Thomas M Durkin*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Honorable Thomas M. Durkin
United States District Judge

Dated: November 19, 2018